Welch, C. J.
The question a7’gued by counsel is, whether the master was e7ititled to poundage on the $6,000, the purchase-money of the property sold. The master was entitled to the same fees allowed to sheriffs in like cases (Code, sec. 613); and by the statute regulating sheriffs’ fees (S. & S. 365), he is allowed “poundage on all moneys actually made and paid to him.” It seems to us that the Common Pleas was right in holding that this sum of $6,000 was not money “made and paid” within the meaning of the statute. The record in this case does not show whether the money actually came into the hands of the master, nor do we suppose it makes any difference whether it did or not. If it did come into his hands, he merely held it as security that the purchaser would fulfill his contract in case the sale should he confirmed by the court. It was not money made and paid within the meaning of the statute so long as the sale remained unconfirmed by the court.
But there is another ground on which it seems to us the judgment of the District Court must be held erroneous, and that is that the proper parties in error were not before that court. The petition in error should have been prosecuted by a party in the actio7i, and not by the master. To hold otherwise would be to hold that eve7'y officer, and every witness entitled to costs in a case, might prosecute a proceeding in error to reverse the court’s order disallowing his claim for costs.

Motion granted, and judgment reversed.

White, Res, Gilmore, and McIlvaine, J.J., concurred.